## JONES v. BUNKER HILL & S. MINING & CONCENTRATING CO.

### (Circuit Court, D. Oregon. July 30, 1903.)

### No. 2,725.

1. MASTER AND SERVANT—ACTION FOR INJURY OF MINER—QUESTIONS FOR JURY.
   Where the questions whether the injury of a plaintiff while working in defendant's mine was due to his own negligence, or to a condition of the mine resulting from the progress of the work, and if the latter, whether it was the duty of defendant to take reasonable precautions against the danger, for the protection of its miners, were both open to doubt, under the evidence, the finding of the jury thereon is conclusive.

**2. DAMAGES—PERSONAL INJURY—AMOUNT OF AWARD.**

A verdict awarding $9,000 damages for a serious and permanent personal injury to a miner, a man in middle life, whereby he is incapacitated from pursuing his vocation, and his sexual power destroyed, is not excessive.

At Law. On motion for new trial.

O'Day & Tarpley and Robertson, Miller & Rosenhaupt, for plaintiff.

J. C. Moreland, for defendant.

BELLINGER, District Judge. Motion for new trial is requested on the ground that the accident complained of was the result of the negligence of the plaintiff himself, or of his fellow servants, or that it was an accident that resulted unavoidably from the prosecution of the work in which he was engaged, and that the verdict is excessive and appears to have been given under the influence of passion or prejudice.

The plaintiff was employed as a machineman in a stope in the Stem Winder Mine, one of the properties of the defendant company. He was on the second floor from the top, working in a breast of ore, when he was injured. It is contended by the defendant that there was a crack or fissure in the breast of the rock in which plaintiff was working, and that it was his duty to pry down this rock with a crowbar and avoid the danger which was threatened, but as to this there is serious question. While the preponderance of the evidence tends to support the contention of the defendant, yet there is evidence—reasonable evidence—tending to show that the accident was not the result of plaintiff's negligence, but that it occurred by a caving in from the roof of the stope. This being a question which, upon the testimony from both sides, was fairly submitted to the jury, its finding is conclusive. It must be presumed that the accident did not occur in the way claimed by the defendant. It is said that if it did not occur in this way, and if it did occur as testified to by the plaintiff, still it was due to a condition resulting from the progress of the work; that this dangerous condition was due to the progress of the work, in the sense that the work itself was of this dangerous character. But this is a question open to dispute. It does not appear that this dangerous condition was the immediate result of what was being done there. If in the progress of work dangerous conditions arise, and the employer can, by the exercise of reasonable diligence, guard against these conditions, it is his duty to do so. The plaintiff was not working where the cave occurred. Work where this cave occurred had been done some time before, and it is a question whether, under all the circumstances, it was the duty of the defendant to take reasonable precautions to guard its employés from accidents of that kind. There is testimony tending to show that it was such duty of the defendant— testimony of facts and circumstances which would justify the conclusion that it was the duty of the defendant company to take such precautions—and, that being the state of the case, the findings and verdict of the jury are conclusive.

As to the question of the amount of damages—$9,000. I do not think that is excessive. The plaintiff is seriously injured; how se-

riously injured is in question, but, from his statement of the case, his injuries are very serious. He is a man in middle life, injured, so far as appears to the jury, so as to incapacitate him from doing the work by which he lives; injured in his manhood, his sexual powers destroyed—an injury for which there can be no adequate compensation in damages. All these circumstances taken into consideration, under the evidence, I have no right to say the jury erred in the amount of their finding; and upon the whole case the verdict does not appear to me to be against justice.

Motion for a new trial denied.